ROBERTS v. SANITAS NUT FOOD CO.

MASTER AND SERVANT—INJURIES TO SERVANT—ELEVATORS—CONTRIBUTORY NEGLIGENCE.

> A servant cannot recover for injury to her foot, caused by its being crushed by the floor of a descending elevator while she stood waiting for the elevator with her foot unnecessarily projecting into the elevator shaft.

Error to Calhoun; Hopkins, J. Submitted December 8, 1905. (Docket No. 167.) Decided December 30, 1905.

Case by Ella Roberts, by next friend, against the Sanitas Nut Food Company, Limited, for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

Defendant carries on its business in a three-story building. The first floor is slightly above the level of the ground, is composed of cement, and is one room, in which are 11 windows, some composed of six panels of glass and some larger. About midway of the front of the building is an elevator shaft leading to the two floors above. In the outside wall is an opening for the admission of freight to the elevator. A depression about four inches deep was

made in the cement floor for the elevator to sink into, so that the bottom of the elevator would be on a level with the floor. The shaft was rectangular in shape. A post was placed at each corner. To these posts upon the sides were attached wire screens. There was no gate in front. The shaft in the floors above had gates. The elevator was used mainly for freight, but the employés were in the habit of using it in going to and from the various floors in the process of their work. At each end of the room was a light. There had been one a few feet in front of the elevator shaft, but for some reason it had not been in use for months. It was customary for the plaintiff and others to descend from the room above to the basement room very often in the process of their work. She and five others on December 1, 1903, descended upon the elevator to the first floor, had performed their work there, and a little after 4 o'clock in the afternoon the six went to the elevator shaft to be taken to one of the rooms above. The signal had been given for the elevator to descend. Plaintiff, a girl 16 years old, a graduate of the public schools, had been at work for the defendant from six to eight months. She stood about a foot from one of the posts, saw the elevator coming, and saw it pass directly in front of her face. She stood with a portion of her foot extending over the edge of the depression. The elevator struck her foot, and injured it. Plaintiff testified that there was a refrigerator and boxes in the vicinity of the elevator somewhat obstructing the light, and that when looking down she could not see her foot. She bases her right of action against the defendant on two grounds of negligence: (1) The failure to provide a gate in front of the elevator, and (2) to keep the lights in front of the elevator in repair. The court, when plaintiff had rested her case, directed a verdict for the defendant, upon the ground that she was guilty of contributory negligence.

*Hatch & Anderson*, for appellant.
*Brennan, Donnelly & Van De Mark*, for appellee.

GRANT, J. (*after stating the facts*).   It is urged that
the defendant violated its statutory duty imposed by 2
Comp. Laws, §§ 5346, 5368, in not providing an auto-
matic gate in front of the shaft.   The object of these stat-
utes is to prevent employés and others rightfully upon the
premises from falling into the shaft or well of the elevator.
It is doubtful if either section of the statute includes a sit-
uation such as is shown by this record.   There was no
well or shaft in the basement into which an employé
might fall.   This shaft was close to the side wall of the
building.   There was no danger of injury to any employé
by falling into this slight depression.   Quite manifestly
a gate, unless it was close to the floor and several
inches from the edge of the depression, would not have
avoided the accident; for with such a gate she could have
stood where she did, with her foot extending under the
gate and over the edge of the depression.   Evidently no
inspector, under this statute, had required the defendant
to construct a gate.   It is, however, unnecessary to de-
termine this question, inasmuch as the court below direc-
ted a verdict on the ground of plaintiff's contributory neg-
ligence.   In this the court was clearly right.

Plaintiff testified that she stood with the ball of her foot
upon the floor.   A small portion of her foot extended over
the edge of the depression.   She looked up and saw the
elevator coming.   Though it was somewhat dark in the
basement, she could readily see the opening above her and
the elevator descending.   Any one of intelligence—and it
is not disputed but that she was a girl of fully, if not more
than, average intelligence—would have known how near
she was standing to the opening.   She testified that she
saw the elevator descending, and saw the chain alongside.
She stood about a foot from one of the posts.   She saw
the elevator as the bottom of it descended in front of her
face, and yet she did not withdraw her foot or step back.
If she stood erect, her foot could not have been more than
two or three inches in advance of her face.   If she stood
upon one foot, with the other extended forward with the

toes over the edge of the depression, that was clearly a negligent position. If her vision was obstructed by boxes, which she claims were in the vicinity and obstructed the light from either end of the room, it was her duty to feel and be sure that she stood back a safe distance, which it was entirely feasible for her to do. *Poindexter* v. *Benedict Paper Co.*, 84 Mo. App. 352; *Taylor* v. *Carew Manfg. Co.*, 140 Mass. 150, 143 Mass. 470; *Buckley* v. *Railroad Co.*, 119 Mich. 583.

Plaintiff was perfectly familiar with the surroundings. There was ample room for her to stand a sufficient distance from the shaft. While it seems certain that she could see to determine how near she was to the shaft, yet, if it be true that she could not, she had ample time to feel, and by extending her hand could have touched the post, which would have disclosed to her her position. There was ample room and ample time for her to step back and remain in a safe place. There was no conflict upon the facts, nor, as the judge held, can reasonable men draw different conclusions from the conceded facts. The plaintiff for some reason was undoubtedly heedless of her position. She had been, or was, talking with a companion about a party which they were to attend. The slightest precaution upon her part would have avoided the injury.

Judgment affirmed.

MOORE, C. J., and MCALVAY, BLAIR, and HOOKER, JJ., concurred.