SCHULTE *v.* PFAUDLER CO.

1. MASTER AND SERVANT—PERSONAL INJURIES — UNGUARDED MA-
CHINERY—CONTRIBUTORY NEGLIGENCE.

In an action by a servant for a personal injury resulting from
plaintiff getting caught in unguarded cogwheels of the ma-
chine upon which he was working, evidence examined, and
*held*, that, as the machine was of simple construction, with
the unguarded cogs plainly visible, and plaintiff had worked
upon the machine long enough to be familiar with it, and his
duties did not require him to get any part of his person in
dangerous proximity to the cogwheels, it could not be said
that the injury would have occurred if plaintiff had been
free from negligence, and a verdict was, therefore, properly
directed for defendant.

2. SAME — NEGLIGENCE —VIOLATION OF STATUTORY DUTY — CON-
TRIBUTORY NEGLIGENCE.

An omission of a statutory duty does not deprive an employer
of the defense of contributory negligence.

Error to Wayne; Rohnert, J. Submitted November
13, 1907. (Docket No. 138.) Decided December 10,
1907.

Case by August Schulte against the Pfaudler Company
for personal injuries. There was judgment for defend-
ant on a verdict directed by the court, and plaintiff brings
error. Affirmed.

*George E. Eckert* and *Lehmann & Riggs*, for appel-
lant.

*Keena, Lightner & Oxtoby*, for appellee.

MOORE, J. The plaintiff entered into the employ of
defendant when he was past 22 years of age. He worked
several weeks in the latter part of 1902. He was then
sick for a time. He returned to work about the first of

January, 1903, and worked until April 30th, when he got his arm in the cogs of a punching machine upon which he was at work, receiving injuries which resulted in the loss of his arm. This suit was brought to recover damages for said injuries. The trial judge directed a verdict in favor of defendant. The case is brought here by writ of error.

The declaration claims in substance:

(1) That leaving the cogwheels uncovered was a violation of section 5349, 2 Comp. Laws.

(2) That the place where the punch machine was located was not sufficiently lighted.

(3) That there was not sufficient space about the machine for plaintiff's work.

(4) That the belt was an old one, which had been frequently mended; and

(5) That plaintiff was not warned as to the danger which he would incur in cleaning the machine.

Counsel insist that where the defendant neglects the statutory duty of safeguarding machines, it cannot be held that the plaintiff assumed the risks attendant upon the absence of safeguards, because the assumption of risks is the result of the contract of employment, and the master cannot legally contract to violate a statute, and is not in position to assert, as against the servant, the doctrine of assumed risk, even in case where the omission of the statutory duty is known to the servant. Citing *Sipes* v. *Starch Co.*, 137 Mich. 258.

Counsel for defendant insist upon several defenses, some of which it will not be necessary to consider.

The testimony of plaintiff and a picture of a machine in all its essential parts, the same as the one upon which the injury occurred, shows the machine to be of simple construction. The cogs were plainly visible. Plaintiff knew it would be disastrous for him to come in contact with them. He had worked about the machine about three months, first as a helper, and for a considerable time just prior to the accident had charge of the machine. The

thing he was attempting to do when the accident happened did not require him to get any part of his person in dangerous proximity to the cogwheels. He is unable to tell how the accident happened. No one else tells how it happened. It did, in fact, happen, but it could not if plaintiff had conducted himself as an ordinarily prudent man should have done. We do not think it can be said the injury would have occurred if plaintiff had been free from negligence. See *Berlin* v. *Mershon & Co.,* 132 Mich. 183, and cases cited therein; *Mushinski* v. *Vincent,* 135 Mich. 26. An omission of a statutory duty does not deprive an employer of the defense of contributory negligence. See *Swick* v. *Cement Co.,* 147 Mich. 454.

It is not necessary to discuss the other questions presented.

Judgment is affirmed.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.