Klotz v. Power & Mining M. Co. 136 Wis. 107.

KLOTZ, Respondent, vs. POWER & MINING MACHINERY
COMPANY, Appellant.

*May 14—June 5, 1908.*

*Master and servant: Injury from unguarded gearing: Contributory*
*negligence: Court and jury.*

1. Although, in a case where an injury to an employee was caused
   by the negligent omission of his employer to guard or protect
   his machinery, sec. 1636*jj*, Stats. (Supp. 1906), abrogates the
   rule which bars recovery on the ground of assumption of the
   risk by continuance in the employment, it does not affect the
   employer's right to the defense of other phases of contributory
   negligence.
2. In an action for injuries to an employee caused by his arm being
   caught in the exposed gearing of a lathe at which he was work-
   ing, the evidence is *held* to sustain findings by the jury to the
   effect that such gearing was dangerous to employees and that
   the injury was one reasonably to have been anticipated.
3. Though the danger in such case was obvious and readily appre-
   ciated, the employee cannot be said, as matter of law, to have
   been guilty of contributory negligence merely because, while
   working at the lathe, his sleeve was caught by and his arm
   drawn into the exposed gearing. The inquiry is one of fact
   for the jury, as to whether, under the conditions, he used care
   reasonably commensurate with the risk.

APPEAL from a judgment of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This is an action for damages for personal injuries re-
ceived by the plaintiff at the plant of the defendant in having
his arm drawn into an unprotected and exposed gearing on a
lathe. The complaint alleges that this gearing was so situ-
ated as to be dangerous to employees, that it was wholly un-
guarded, and that such gearing generally is and can be
guarded without interfering with the usefulness and opera-
tion of the machine. The negligence assigned is the failure
of the defendant to furnish a reasonably safe appliance and
a failure to provide proper guards to prevent an employee
being caught in the gearing. The answer denied negligence,

alleged contributory negligence on the part of the plaintiff, and denied that the gearing could be guarded without impairing the usefulness of the machine.

The evidence showed that the plaintiff knew of the position and condition of the gearing; that his position when operating the lathe was in front of and facing the machine and pieces of steel placed lengthwise of the lathe; that the gearing, composed of several cog-wheels, was on the end of the lathe frame at his left; that it was his duty to keep the lathe clear of steel chips which fell from the bolts which he was turning and shaping; and that he reached for a stick which was placed against a steel post located near and a little back of the gearing in order to clean away the chips. It appears that plaintiff stepped to a position near the gearing, and, stooping over, reached with his left arm and picked up the stick with his left hand. While resuming his upright position the sleeve of his jacket was caught in the teeth of the gearing and his arm was drawn into them, causing the injuries complained of. It is not controverted but that the stick was appropriate to remove the steel shavings and that plaintiff was justified in using it for this purpose.

The case was tried to a jury and a general verdict was returned awarding plaintiff $300 as damages. This is an appeal from a judgment in plaintiff's favor for such damages and costs.

*Charles A. Vilas,* for the appellant.

For the respondent there was a brief by *Rubin & Zabel,* and oral argument by *W. C. Zabel.*

SIEBECKER, J. In the absence of the statutory provision—sec. 1636*jj,* Stats. (Supp. 1906; Laws of 1905, ch. 303),—under the common-law principle it is clear that plaintiff would be held to have assumed the risk arising from the absence of a proper guard for the gearing in which he was caught and injured. But this section of the statutes enacts that "if it appear that the injury was caused by the

negligent omission of his employer to guard or protect his machinery . . ." where said employee was injured, as required by law, then continuance in such employment by such employee, "with knowledge of such omission, shall not operate as a defense." Counsel for the respective parties are agreed that this statute abrogates the previously existing rule which barred recovery in cases wherein the injured person had assumed the risk. This change in, the law does not, however, affect the employer's right to the defense of other phases of contributory negligence. The effect of such legislation in this respect was considered in *Buckner v. R. & D. R. Co.* 72 Miss. 873, 18 South. 449, and the court states the effect thereof in these terms:

"The effect of this is not to destroy the defense of contributory negligence by a railroad company, but merely to abrogate the previously existing rule that knowledge by any employee of the defective or unsafe condition of the machinery, ways, or appliances shall not of itself bar a recovery. . . . They, like others not employees, must not be guilty of contributory negligence, if they would secure a right of action for injuries."

Other cases sustaining the position are *Norfolk & W. R. Co. v. Cheatwood's Adm'x,* 103 Va. 356, 49 S. E. 489; *Narramore v. C., C., C. & St. L. R. Co.* 96 Fed. 298; *Schulte v. Pfaudler Co.* 150 Mich. 427, 113 N. W. 1120.

Under the issues raised the court submitted to the jury by proper instructions the inquiry whether the gearing in question was so located as to be dangerous to plaintiff and other employees in the discharge of their duty, whether the defendant ought to have anticipated that some injury would probably result to employees therefrom, and whether plaintiff was guilty of negligence which contributed to produce the accident. The jury by their general verdict found the defendant liable, thus necessarily determining that the gearing in its unprotected condition was dangerous to employees in the discharge of their duties; that the injuries were such as defendant ought reasonably to have anticipated; and that

plaintiff was free from negligence contributing to cause the injury. The case presented by the evidence amply sustains the finding that the exposed gearing was a menace and danger to employees and that the injury was one within the field of reasonable anticipation.

Appellant specially assails the verdict as to the finding that plaintiff was free from contributory negligence and avers that the evidence shows that the plaintiff was guilty of negligence *per se* in placing his arm in such close proximity to the gearing in reaching for the stick as to cause his sleeve to be caught in the teeth of the gearing. We cannot hold that this act and the manner of performing it show a want of ordinary care respecting his personal safety. Though this danger was obvious and readily appreciated, yet it cannot be said that persons undertaking to perform such a service in close proximity to such a machine are shown guilty of contributory negligence if in the operation their garments come in contact therewith. Under such circumstances the inquiry is one of fact as to whether the operator in the light of such conditions used "care reasonably commensurate with the risk to avoid injurious consequences" (*Narramore v. C., C., C. & St. L. R. Co., supra*), and is to be resolved by the jury upon the evidence. The instant case presents a state of facts which is not so clear in its inferences that the question of negligence can be determined as a matter of law.

"It is well settled that, where there is uncertainty as to the existence of either negligence or contributory negligence, the question is not one of law, but of fact, and to be settled by a jury; and this whether the uncertainty arises from a conflict in the testimony, or because, the facts being undisputed, fair-minded men will honestly draw different conclusions from them." *Richmond & D. R. Co. v. Powers,* 149 U. S. 43, 13 Sup. Ct. 748.

We are of opinion that the court properly submitted this question to the jury.

*By the Court.*—Judgment