JOHNSON *v.* LAKE SHORE & MICHIGAN SOUTHERN
RAILWAY CO.

1. MASTER AND SERVANT—FELLOW-SERVANT—INCOMPETENCY.
   A question for the jury, relative to the defendant's negligence
   in retaining in its employ an incompetent servant, is pre-
   sented by a showing that a fellow-servant of plaintiff, while
   under the influence of intoxicating liquor, permitted a box to
   fall on plaintiff's foot, that the intoxicated employé was in
   the habit of drinking and had previously promised defend-
   ant's superintendent to amend, but continued to drink liquor
   to excess.[1]

2. SAME—INTOXICATION.
   The defendant could not be said to have performed its duty,
   though after receiving his promise to amend it did not dis-
   cover the servant intoxicated while on duty, it appearing
   that his habit of using liquor to excess was notorious with
   those who associated with him.

3. SAME—PROXIMATE CAUSE.
   Notwithstanding that a sober employé might have caused a
   similar injury, it could not be held as a matter of law that
   the intoxication of the fellow-servant was not the cause of
   the accident, since he would be less competent to perform his
   duties while under the influence of liquor.

4. SAME—CONTRIBUTORY NEGLIGENCE.
   The question of plaintiff's contributory negligence in the exer-
   cise of care after discovering his associate's condition was
   properly left to the jury.

Error to Jackson; Parkinson, J.  Submitted June 16,
1910.  (Docket No. 67.)  Decided July 14, 1910.

Case by Curtis P. Johnson against the Lake Shore &
Michigan Southern Railway Company for personal in-
juries.  A judgment for plaintiff is reviewed by defend-
ant on writ of error.  Affirmed.

[1] As to master's duty with respect to employment of servants and
continuing them in employment, see note to *Smith* v. *Railway Co.*
(Mo.), 48 L. R. A. 368.

*Boudeman, Adams & Weston,* for appellant.

*Richard Price,* for appellee.

OSTRANDER, J.   Plaintiff was for upwards of 13 years prior to November 6, 1907, the agent of defendant at its station at Brooklyn, Mich.   On that day a car, a portion of a freight train running between Ypsilanti and Hillsdale, in charge of Conductor Charles A. Mills, was brought alongside of the station platform at Brooklyn, for the purpose of unloading some freight.   Conductor Mills and one or more other employés of defendant went into the car to remove the freight, and, as was the custom, plaintiff with the waybills entered and remained in the car to check the articles called for by said bills.   It was dark enough so that lanterns were used.   In removing a box, which he partly supported and rolled or turned from corner to corner in his progress from the end of the car to the open door in the center of the side of the car, Conductor Mills let the box fall upon plaintiff's foot.   To recover damages for the injury to his foot so occasioned, plaintiff brought this suit, and in his declaration alleged that Conductor Mills was a person addicted to the use of intoxicating liquors and in the habit of getting drunk; that he was upon the particular occasion under the influence of intoxicating liquor; that his condition made him unfit to perform his duties as conductor, and was the reason why he failed to properly handle and move the box which fell on plaintiff's foot; that defendant knew, or should have known, of the habits of said conductor; and that he had before that time been under the influence of liquor and intoxicated while in the performance of his duties as conductor; that it was negligence on the part of defendant to keep him in its employ.   Plaintiff recovered a substantial judgment, which defendant seeks to reverse upon the ground that it was error for the trial court to refuse to direct a verdict for defendant; it being contended:

(1) That the testimony fails to show any negligent conduct on the part of Mills.

(2) That it fails to show any negligence on the part of defendant in employing Mills and retaining him in employment.

(3) That it was not proved that the intoxication of Mills, if he was intoxicated, was the cause of the falling of the box.

(4) That plaintiff was not free from negligence contributing to his injury.

It is stated in the brief for appellant that if it shall be determined that the case was one for a jury, the judgment should be affirmed.

It is admitted that in October, 1905, it was reported to a division superintendent of defendant that Mills had been drinking the day before, that Mills was interrogated upon the subject, admitted that he had drunk beer, denied that he was in the habit of drinking, and promised to amend. Defendant's trainmaster also knew of this fact and testified that thereafter he observed Mills at various times when he was on duty, and did not discover that he had been using liquor. He had the matter in mind and knew of Mills' promise to " cut it out." The testimony tends to prove that he did not amend his conduct, and that before and after October, 1905, his habit of drinking liquor to excess when off duty was notorious in and about the places he frequented, and the city where he lived. It is said that the officers of defendant had the right to accept the promise of Mills and if he was not thereafter discovered under the influence of liquor, when on duty, it was not called upon to learn how he conducted himself when not on duty. The case is ruled, upon this point, by *Hilts* v. *Railway*, 55 Mich. 437 (21 N. W. 878).

There is some testimony tending to prove that Mills was under the influence of liquor upon the occasion in question. It is not very convincing, but the question of its weight is not before us. It is undoubtedly true that sober men, moving boxes, often lose control of them and let them fall. It may be assumed, however, that an intoxicated workman is less competent to manage even so small an affair as moving a box, than the same workman

would be if sober.   The extent to which he is intoxicated must always be considered in determining his competency to do a particular thing, and whether the consequences of his actions are due to accident or to his condition.   To the extent that his condition was discovered by a fellow workman, the duty to act with reference to that condition would ordinarily be imposed.   It is apparent that both the question of the cause of the injury and the one of the care to be exercised by plaintiff, under the circumstances, were questions of fact.

We are satisfied that we can determine none of appellant's contentions as matter of law, and the judgment is therefore affirmed.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.