MALAVERNERI v. TURNER CONST. CO.

(Supreme Court, Appellate Division, First Department.   December 30, 1910.)

1. MASTER AND SERVANT (§ 117*)—INJURY TO SERVANT—NEGLIGENCE.

A master is not negligent in furnishing for the use of employés a freight elevator with a slight space between the edge of its platform and the wall of the shaft, sufficient to enable one's foot to become wedged between them.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 208; Dec. Dig. § 117.*]

2. MASTER AND SERVANT (§ 236*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Even if a foreman was negligent in directing a servant to get on a crowded freight elevator, between the edge of the platform of which and the wall of the shaft was a space in which one's foot could become wedged, the servant was guilty of contributory negligence in getting thereon, when, because of the crowded condition, as he observed in taking his position, he had to stand with half of one foot protruding outside the platform.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 724; Dec. Dig. § 236.*]

Appeal from Trial Term, New York County.

Action by Angelo Malaverneri against the Turner Construction Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Harry S. Austin, for appellant.

Hobart S. Bird, for respondent.

MILLER, J.   This is a negligence case, servant against master. There are several reasons for reversing the judgment, but it is necessary to consider but one, namely, that the plaintiff failed to prove a cause of action.

The defendant was engaged in remodeling the factory buildings of a plaster manufacturer, while the industry of the latter continued.   The plaintiff was employed by the defendant to carry gravel to a concrete machine.   On the day of the accident, he was told to carry window frames from the ground floor to the third floor of the building.   His story is that he had worked until 3 o'clock, carrying the frames by way of the stairs, when he was told by the defendant's foreman to get on the elevator in the building, which was being run by the owner in connection with his manufactory, but which the defendant's men were in the habit of using from time to time to carry up material.   The plaintiff says that, when told to get upon the elevator, there were already upon it five or six persons, five or six barrels of plaster, two wheelbarrows, a truck, and a small hand truck, and that, as he observed, when he took his position upon it, he had to stand with half of one foot protruding outside of the platform.   It appears that there was some space between

the edge of the platform and the wall of the shaft. Just how much does not plainly appear, but apparently it was just sufficient to enable the plaintiff's foot to become wedged between the platform and the wall of the shaft; for, as the elevator ascended, that was what happened, and for the injuries thus sustained this action is brought.

Assuming that the elevator was furnished by the defendant for the use of its men, it is difficult to understand upon what theory the defendant can be said to have been negligent. This was a freight elevator for use in a factory. Surely it is not necessary to have such an elevator equipped with a cage such as passenger elevators have. Obviously there had to be some space between the platform and the wall, and men using such an elevator might naturally be expected to take care of themselves, at least to the extent of keeping their feet out of the space. The case of Gray v. Siegel-Cooper Company, 187 N. Y. 376, 80 N. E. 201, relied upon by the respondent, is not in point. In that case the plaintiff's intestate, who was ignorant of the situation, backed into a space between a platform and the wall, wide enough to permit him to fall through.

But, if the defendant was bound to anticipate that the plaintiff might get onto the elevator when it was so crowded that he would have to stand with one foot projecting over the edge of the platform, the plaintiff was certainly guilty of contributory negligence in taking that position with his eyes open to the situation. If the defendant's foreman was negligent in directing him to do it, the latter's negligence was that of a fellow servant. White v. Eidlitz, 19 App. Div. 256, 46 N. Y. Supp. 184; McDonald v. Simpson-Crawford Co., 114 App. Div. 859, 100 N. Y. Supp. 269; Vogel v. American Bridge Co., 180 N. Y. 373, 73 N. E. 1, 70 L. R. A. 725.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.