WILLIAM T. LAMB, Appellee, v. WAGNER MANUFACTURING COMPANY, Appellant.

**Negligence:** APPEAL: REVIEWABLE QUESTIONS. Where a charge of negligence was not submitted to the jury the appellate court will not review the question of whether it was supported by the evidence.

**Master and servant:** NEGLIGENCE: UNGUARDED MACHINERY. Failure to properly guard machinery with which a servant is required to work and which he is directed to clean is negligence as matter of law, where it can be done without interfering with its efficient use, or unless so constructed that the surrounding parts will supply needed protection. In the instant case the evidence presented a question for the jury involving the master's alleged negligence in failing to provide suitable guards.

**Same:** ASSUMPTION OF RISK. Assumption of risk is not a defense to a claim for injury, the result of failure to comply with a statutory requirement for the protection of the employees.

**Same.** Where the evidence requires a submission of the issues of assumption of risk, and the jury determines it for plaintiff, the appellate court will not interfere.

**Contributory negligence.** The issue of contributory negligence is usually for the jury, and where the plaintiff in a personal injury action makes a fair *prima facie* showing of reasonable care on his part the court should not peremptorily dispose of it. In the instant case the plaintiff was not guilty of contributory negligence as a matter of law, in cleaning machinery with which he was at work, at the time and in the manner which he did.

*Appeal from Black Hawk District Court.*—HON. CHAS. E. RANSIER, Judge.

THURSDAY, MAY 16, 1912.

ACTION at law to recover damages for personal injury. Verdict and judgment for plaintiff, and defendant appeals. —*Affirmed.*

*J. E. Williams* and *W. H. Merner* for appellant.

*J. B. Newman* and *Edwards & Longly* for appellee.

WEAVER, J.—The defendant is a manufacturer of hardware specialties and employed the plaintiff as a laborer in its factory. While so engaged, plaintiff undertook to clean a certain machine about which he was at work, and in so doing his hand was caught in the gearing and crushed to such an extent that amputation followed. He charges defendant with liability for such injury because of its alleged negligence in failing to instruct or warn him of the dangers attending the cleaning of the machine; in failing to provide a guard for the gearing; and in failing to furnish, as provided by law, a suitable belt shifter or other safe mechanical device for throwing off and on the belt by which the machine was operated. The defendant denies that it was in any manner negligent and alleges

that defendant knew or ought to have known the danger to which he was exposed, and was well aware of the matters and things which he now charges as negligence, but remained in said employment without protest or complaint. The appellant argues for a reversal of the judgment below on the following grounds: (1) The plaintiff was guilty of contributory negligence as a matter of law; (2) he assumed the risk; (3) the defendant was not negligent; and (4) there was no duty to warn the plaintiff.

I. Taking these propositions in the inverse order of their statement, the third and fourth may be considered together. While the plaintiff had charged negligence in failing to warn or instruct him concerning the danger to which he was exposed, this allegation does not seem to have been submitted to the jury, and it is unnecessary for us to consider whether it has any support in the evidence.

1. NEGLIGENCE: appeal: reviewable questions.

As bearing upon the other allegations of negligence, there was testimony tending to show that, while plaintiff had worked in this factory for several months, he had been employed in operating the machine where he was injured only about two days and had no previous experience with a machine of that kind. He claims to have been told by the foreman or manager that he should make use of the opportunity afforded by intervals or interruptions in his regular work to clean the machinery, and that on the day in question, such an opportunity occurring, he left the place where he usually stood or sat at his machine, and going behind it, took a handful of cotton waste and began to wipe off or remove the oil with which the end of the machine had become soiled. In doing this he reached his hand into the space between the frame and a gearing which was in motion. In this act either his sleeve, or the cotton waste which he held, was caught in the gearing and his hand was drawn into the cogs. It appears without

2. MASTER AND SERVANT: negligence: unguarded machinery.

dispute that the machine was not equipped with any belt-shifting device enabling him to conveniently disconnect the power and stop the motion, and the gearing was in no manner boxed or guarded except as the defendant claims that its position was in itself a sufficient guard. It was shown by expert evidence that a practicable and efficient guard could have been placed over this gearing without in any manner interfering with its operation. It follows then that, having failed to guard the gearing, defendant was negligent as a matter of law unless it was in fact so situated that the surrounding parts or attachments were such as to supply the needed protection. *Poli v. Coal Co.,* 149 Iowa, 104; *Kimmerle v. Manufacturing Co.,* 154 Iowa, 42; *Bromberg v. Laundry Co.,* 134 Iowa, 38.

Whether sufficient protection was so afforded was a fair question for the jury. The opening into which plaintiff put his hand was between four and five inches in width. He inserted his hand flatwise, pressing the waste under his palm upon the side away from the gearing. It is not shown that the machine could be conveniently cleaned at this place in any other manner, and had the gearing been guarded as indicated by the witness, the work could have been so done without danger of injury to the operator. We can not therefore undertake to say as a matter of law that no negligence on the part of the defendant is shown.

II. Did plaintiff assume the risk? It is now the settled law of this state that assumption of risk constitutes no defense to a claim for injury occasioned by the failure of an employer to comply with a statute enacted for the protection of employees. *Poli v. Coal Co.,* 149 Iowa, 104; *Kimmerle v. Manufacturing Co.,* 154, Iowa, 42.

3. SAME: assumption of risk.

The trial court, however, seems to have instructed the jury generally upon the common-law theory of the servant's assumption of risk of known dangers occasioned

by the negligence of his master, and to that extent the charge given was ·more favorable to the defendant than it was entitled to under our statute.

**4. SAME.**

But even in the absence of the statute we are of the opinion that the question of such assumption would be for the jury, and, as the jury has found for the plaintiff upon that issue this court is without authority to interfere with its verdict.

III. The only remaining question is whether there was a case for the jury upon the question of contributory negligence. Of this we have no doubt. It can not be said as a matter of law that plaintiff was outside of the scope · of his employment in cleaning the machinery about which he was engaged.

**5. CONTRIBUTORY NEGLIGENCE.**

Indeed, it is not claimed that it was not his duty to clean it, but there is a controversy as to whether he ought to have attempted it at the time or in the manner in which he underook the task. Concerning that question, the evidence is not in such unbroken accord, nor is the peril to which he exposed himself so manifest and so imminent upon the showing made in the record that we feel justified in saying that it should not have been submitted to the jury. *Klotz v. Power Co.,* 136 Wis. 107 (116 N. W. 770, 17 L. R. A. (N. S.) 904); *Monaghan v. Fuel Co.,* 140 Wis. 457 (122 N. W. 1066); *Pulk v. Churchill,* 146 Wis. 477 (131 N. W. 906).

Contributory negligence is peculiarly a question of fact for the jury, and where the plaintiff makes a *fair prima facie* case of reasonable care on his part, the court should not assume to dispose of it peremptorily. And this we think is the situation presented by the record before us.

No error is assigned upon rulings made upon the admission of evidence or upon the instructions to the jury, and we find none in the record requiring us to remand the case for a new trial.

The judgment of the district court is therefore *affirmed*.