### BOY HURT ON FREIGHT ELEVATOR.

Court of Appeals for Hamilton County.

VICTOR BITTNER, A MINOR AGED SIXTEEN YEARS, BY HIS FATHER AND NEXT FRIEND, EDWARD BITTNER, v. THE DOLLY VARDEN CHOCOLATE COMPANY.*

Decided, February 2, 1915.

*Negligence—Freight Elevator With Open Sides—Boy's Foot Caught Between Elevator and Window Sill—Master Not Liable.*

Failure to screen a window lighting an elevator shaft does not render the proprietor liable to a boy whose foot, when projected over the open side of a freight elevator, was caught and crushed between the base of the elevator and the window sill.

*Cowell & Lamping*, for plaintiff in error.
*Waite & Schindel*, contra.

JONES (Oliver B.), J.

The action below was for personal injury to a boy sixteen years of age, caused by his foot being caught between an elevator platform and the side of the shaft at the top of a window which admitted light and air to said shaft.

The only negligence relied upon is that defendant had failed to comply with the provisions of Paragraph 4, Section 1027, General Code, which is as follows:

"The owners and operators of shops and factories shall make suitable provisions to prevent injuries to persons who use or come in contact with machinery therein or any part thereof, as follows:

\*    \*    \*    \*    \*    \*    \*    \*    \*

"4. They shall *case in all unused openings* of elevator shafts and place automatic gates or floor doors on each floor where entrance to the elevator carriage is obtained. They shall keep such gates or doors in good repair and examine frequently and keep in sound condition the ropes, gearing and other yarts of elevators."

---

*Affirmed by the Supreme Court without opinion November 9, 1915.

The evidence shows that the elevator in question was a freight elevator operating in a five-story building. It was open in the back and front for the purpose of admitting freight, and was closed at the sides, and operated in a shaft which was entirely enclosed, having doors on an alley and into the storeroom on the first floor and a door on each of the upper floors, these door openings being provided with automatic gates and firedoors at each floor. In each story was an ordinary glass window opening into the shaft to admit light and air.

Plaintiff's testimony was to the effect that these glass windows were each set in a recess about one inch back from the face of the wall, while defendant, being called for cross-examination by plaintiff, testified that the tops of these windows were flush with the wall, but that they were recessed about one inch at the bottom.

The accident occurred by plaintiff extending his foot beyond the elevator platform in such way that his heel was caught between this platform and the top of the window at the front of the shaft on the second floor. Plaintiff charges an omission of duty, contrary to the provisions of Section 1027 in the defendant failing to case or screen in such window. This section is an amendment of an act passed March 20, 1900, found in 94 O. L., 42, which required owners and operators of factories and workshops to make suitable provisions to prevent injury to persons who may come in contact with machinery, and such

''provisions shall include  *  *  *  the *railing in all unused elevator openings,* the placing of automatic gates or floor doors and the keeping of same in good condition, on each floor from which and where on each side or sides, or elevator openings, entrance to the elevator carriage is obtained, the frequent examination and keeping in sound condition of ropes, gearing and other parts of elevators.''

From reference to this law it will be seen that the windows in question in this case were not such ''unused openings'' as are referred to in the statute. There is no charge made in the petition of any negligence on the part of defendant, either in the construction or the operation of the elevator. Such an accident might occur in any well constructed freight elevator by a pas-

senger carelessly and negligently extending a hand or foot be-
yond the line of the platform in such way as to be pinched against
the side of the shaft, or at a floor or window.  For similar cases,
see:   *Connell* v. *Miller, DuBrul & Peters Co.,* 19 Bul., 22;
*Malaverneri* v. *Turner Construction Co.,* 126 N. Y. Supp., 303;
*Hoehmann* v. *Moss Engineering Co.,* 23 N. Y. Supp., 787, 791;
*McDonald* v. *Dutton,* 190 Mass., 391; *Roberts* v. *Sanitas Nut Co.,*
142 Mich., 589.

In the opinion of the court it was not error in the trial court
to direct a verdict for defendant, as was done, and the judg-
ment is therefore affirmed.

JONES (E. H.), J., and GORMAN, J., concur.