EDWARD v. GRAND HAVEN BASKET FACTORY.

1. MASTER AND SERVANT—STATUTES—GUARDING SET SCREWS—
PROXIMATE CAUSE.
     In an action under Act No. 285, Pub. Acts 1909, for injuries
     to a servant caused by an unguarded set screw in the
     "chuck" of a veneer peeling machine, plaintiff's act of
     selecting the "chuck" which he used in carrying on his
     work was not the proximate cause of the accident so as to
     relieve defendant of liability, although it was plaintiff's
     duty to use the proper size for the work which he was
     doing, in which he also was shown to have made a proper
     selection. He had the right to assume that the appliances
     furnished to him were reasonably fit for the intended
     purpose.

2. SAME—NEGLIGENCE—STATUTORY REQUIREMENTS.

Act No. 285, Pub. Acts 1909, whereby it is provided that all cogs, saws, set screws, planers, etc., shall be guarded properly when deemed necessary by the factory inspector, was properly held by the trial court to apply to the portion of machinery which plaintiff selected, different sized parts being required to fit the various sized bolts or logs.

3. ASSUMPTION OF RISK—STATUTORY VIOLATION.

The employee did not assume the risk of a violation by his master of the duty imposed by such statute.

4. SAME—CONTRIBUTORY NEGLIGENCE.

Evidence tending to show that plaintiff selected the "chuck" which had projecting set screws, though other "chucks" were at hand which had no set screws or were guarded properly, and in his inspection did not observe the screws and had not perceived them on any of the "chucks," and that after turning on the machinery his attention was engaged by his work, cleared plaintiff of the charge of contributory negligence as a matter of law.[1]

5. SAME—NEW TRIAL.

Held, also, that the verdict was not contrary to the weight of the evidence.

Error to Ottawa; Cross, J.   Submitted June 8, 1915. (Docket No. 2.)   Decided July 23, 1915.

Case by George Edward against the Grand Haven Basket Factory for personal injuries.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Travis, Merrick & Warner,* for appellant.

*Smedley & Linsey,* for appellee.

KUHN, J.   The plaintiff was injured on September 28, 1909, while operating a rotary veneer peeler at the defendant's factory in Grand Haven.   He is a son of the president and general manager of the defendant corporation, and had worked for the defendant about five years.

---

[1] As to contributory negligence with respect to injury from projecting screw in moving machinery, see note in 48 L. R. A. 98.

The operation of the machine upon which the plaintiff was working at the time of the accident involved: *first,* the selecting from three pairs of chucks, which went with the machine, a pair of the proper size to handle the log which it was intended to place between them; *second,* the placing of one of these chucks over the end of the stub shaft driven by a large gear on the right-hand side of the machine and placing the other over the end of the similar shaft on the left-hand side of the machine; *third,* placing the log, known as the "bolt," varying in length from 21 to 32 inches, in a horizontal position between the two chucks by means of a chain hoist, and then closing the chucks against the ends of the log by the use of power, which caused the two stub shafts to slide toward each other until the prongs of both chucks were firmly embedded in the ends of the log; and, *fourth,* the setting of the machine in motion by means of a lever at the right-hand side, thereby causing the log or bolt to revolve up and away from the operator and against a horizontal knife behind the bolt.

During the operation of the machine it sometimes became necessary for the operator to adjust certain parts of the machine while it was running, notably the "pressure bar," so called, to obtain veneer of a uniform thickness. These parts which were adjusted while the machine was in motion were at the right-hand end back of the stub shaft, and they could be reached either from the front of the machine or from the rear. To reach them from the front, to feel the edge of the veneer as it issued from the machine onto the table at the back, it was necessary for the operator to reach over the right-hand end of the revolving log and over the revolving chuck and stub shaft. The plaintiff, on the day of his injury, selected from the lot of six chucks belonging to the machine, which were lying on the floor near the machine, a pair on one of

which two set screws projected a distance of 1½ inches from 2 holes in the sleeve, which were 4¼ inches apart, measured on the circumference of the sleeve, and put them in position on the stub shafts, placing the one with the projecting set screws on the stub shaft at the right of the machine. He then hoisted into position in the machine a bolt which was from 22 to 24 inches in diameter, and started the machine in motion to peel the bolt. After the machine had run a few moments and the bolt revolved several times, the plaintiff, standing in front of the machine, stepped up on a crossbar of the machine and reached over to feel of the veneer and to tighten the pressure bar. This was done in the customary way, which was to stand on the crossbar, intrude his head and shoulders between the stub shaft and the upper crossbar of the machine, grasping the latter with his left hand for support, and reaching with his right hand about 10 inches beyond and considerably below the edge of the knife. It was while in this position that the plaintiff's clothing came in contact with the revolving shaft and chuck, and one or both of the two square-headed set screws, which projected from the collar of the chuck, caught in his clothing, causing him to be drawn up over the shaft, with the injurious results complained of.

The trial of the case resulted in a verdict for the plaintiff in the sum of $5,000, upon which judgment was duly entered. A motion for a new trial, based on the ground that the verdict was against the weight of the evidence, being denied by the trial court, the cause is brought here by writ of error.

The following special questions were submitted to the jury at the request of counsel for the defendant, and were, together with their respective answers, returned by the jury with its general verdict:

(1) Did the plaintiff himself, before he was injured, place upon the right-hand shaft of the machine the

large chuck, which at the time had one or more set screws projecting from it? Answered "Yes."

(2) Did the State factory inspector, or his deputy, order the defendant to guard the set screw which caused plaintiff's injury? Answered "Yes."

(3) Was the set screw, which caused the plaintiff's injury, placed in or upon the machine in question by the defendant? Answered "Yes."

(4) Would a man of ordinary powers of observation, in picking up the chuck in question, or in placing it upon the shaft, or in starting the shaft revolving under the same circumstances as surrounded the plaintiff, have seen the set screw? Answered "No."

The questions which are raised on this appeal are thus stated by counsel for appellant in his brief:

(1) The injuries complained of were not proximately caused by any act or omission on the part of the defendant.

(2) There is no room for the application to this case of the statute relied on by the plaintiff, requiring set screws to be guarded in certain cases; consequently the plaintiff assumed the risk.

(3) The plaintiff was guilty of contributory negligence, as a matter of law.

(4) The verdict was against the weight of the evidence, and the motion for a new trial, based on that ground, should have been granted.

It appears that the chuck which was used on the occasion of the accident was the only chuck among the six which were used in connection with this machine which had the set screws projecting, and the negligence here relied upon to sustain the plaintiff's cause of action is the failure of the defendant to perform its statutory duty to properly guard the exposed set screws. It appears also that these different sizes of chucks were used, depending upon the condition of the end of the bolt, and, if it happened to be shaky or hollow, a larger set of chucks was used. The plaintiff testified that he did not see the projecting set screws on the chuck in question before he placed it on the shaft; that he sup-

posed they both had blind set screws like the smaller chucks, and that he never had occasion to tighten up the set screws on big chucks, as he used them very seldom; and that, by just shoving them on the shaft instead of tightening the set screws, they would, by adhesion to the end of the log, draw off from the shaft when the core was removed, thereby saving taking them off by hand.

It is urged that the plaintiff's act in selecting the chuck in question and placing it on the machine was an independent cause of the accident, intervening between the act of the defendant in permitting the set screws to exist in said chuck, and the accident. It may be conceded that it was the duty of the plaintiff to use the proper sized chuck for the work in hand, but it does not appear that he did not use the proper chuck suitable for the work he was then engaged in. He used the chucks furnished by the defendant for this purpose, and we can see no merit in the contention that the defendant's negligence, if any there was, was not the proximate and direct cause of the accident. He used the appliances furnished him by the defendant, and had a right to assume that the appliances so furnished him were reasonably safe and fit for the purposes for which they were intended.

We cannot agree with the contention of counsel that the statute (section 15 of Act No. 285, Pub. Acts 1909), which reads as follows:

"All vats, saws, pans, planers, cogs, set screws, gearing and machinery of every description shall be properly guarded when deemed necessary by the factory inspector"

—does not apply in this case. The question of whether or not the set screws on this chuck were to be guarded under the order of the factory inspector was left to the jury as a question of fact. These chucks were part of the machinery, and it was necessary to have different

sizes of chucks in order to accommodate the different kinds of bolts.

Being satisfied that the jury was warranted in finding a violation of the statutory duty, it follows that the servant did not assume the risk, under the well-established doctrine in this State. *Wallin* v. *Railway Co.,* 172 Mich. 466, and cases cited on page 473 (138 N. W. 270).

Neither are we of the opinion that it can be said that the plaintiff should be held guilty of contributory negligence, as a matter of law. It is urged that he should be held guilty of such negligence because of his failure to observe the set screws, because of his blind selection of the chuck-bearing set screws, and because of placing his body where he did place it just before he was hurt, and because of his choice of the more dangerous of two available methods of doing the work at hand. The chuck in question was produced at the argument in this court, and, from the demonstration there made, it would seem possible that, if the set screws happened to be on the lower side of the chuck while it was lying on the floor, the plaintiff might have picked the chuck up and placed it on the stub shaft without having seen the set screws. It further appears, and it is undisputed, that the larger sized chucks were rarely used, and the plaintiff testified that he had never seen projecting set screws on any of the chucks. As soon as the bolt was placed on the machine and the power turned on, the plaintiff's attention might have been directed to other parts of the machine, especially to the testing of the veneer and adjusting the pressure bar. We do not think that the plaintiff's contributory negligence is so clearly established, under the facts of this case, that we can decide it, as a matter of law, and we are therefore of the opinion that the question was properly submitted to the jury. *Roberts* v. *Food Co.,* 142 Mich. 589 (106 N. W. 68) ; *Swick* v.

*Cement Co.,* 147 Mich. 454 (111 N. W. 110); *Beghold* v. *Auto Body Co.,* 149 Mich. 14 (112 N. W. 691, 14 L. R. A. [N. S.] ·609); *Schulte* v. *Pfaudler Co.,* 150 Mich. 427 (113 N. W. 1120); *Neifert* v. *Metler,* 165 Mich. 354 (130 N. W. 630). Neither can we say, as a matter of law, that the verdict is against the weight of the evidence.

No reversible error being made to appear, the judgment should be, and it is therefore, affirmed.

BROOKE, C. J., and STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice McALVAY took no part in this decision.