## J. C. PHELAN, Appellee, v. L. W. FOUTZ, Appellant.

**NEGLIGENCE:** Instructions—Specific Negligence Pleaded Is Exclusive. When plaintiff pleads a specific act of negligence, the court *must* direct the jury that plaintiff can recover on no other ground.

**TRIAL:** Instructions—Submission of Nonpleaded Issue. It is reversible error to submit to the jury an unpleaded and untried issue. So held as to the doctrine of the "last clear chance."

**NEGLIGENCE;** "Last-Clear-Chance" Doctrine—Applicability. Principle reaffirmed that the "last-clear-chance" doctrine has no applicability until the party who is accused of disregarding the doctrine *actually* discovers the danger of the other party.

**PRINCIPAL AND AGENT:** Liability—Negligence of Agent. A plaintiff who is seeking to recover damages to an automobile while it is being operated for him by his son is chargeable with the negligence of the son, and the court should so instruct the jury.

**NEGLIGENCE:** Contributory Negligence—Negligence Per Se. A defendant who, at the time of an automobile accident, is violating both the state law and a municipal ordinance relative to the maximum rate of speed, will not be heard to say that the injured plaintiff was guilty of negligence *per se.*

Headnote 1: 29 Cyc. p. 646.  Headnote 2: 29 Cyc. p. 646; 38 Cyc. p. 1615.  Headnote 3: 29 Cyc. p. 531.  Headnote 4: 2 C. J. p. 850; 28 Cyc. pp. 38, 49.  Headnote 5: 29 Cyc. p. 525.

*Appeal from Cedar Rapids Superior Court.*—THOMAS B. POWELL, Judge.

JUNE 25, 1925.

ACTION for damages growing out of an automobile accident. From a judgment in favor of the plaintiff, the defendant appeals.—*Reversed.*

*George C. Gorman,* for appellant.

*Maurice P. Cahill,* for appellee.

ALBERT, J.—The accident out of which this action grew,

occurred on the fourth day of January, 1923, at the intersection of Ninth Street and Eighth Avenue West, in the city of Cedar Rapids. Plaintiff's car was being driven by his son on Ninth Street in a northerly direction; defendant was driving his car west on Eighth Avenue. The collision occurred at the intersection of said streets, resulting in damage to both cars. Plaintiff sued defendant, and alleged in his petition, as the ground of negligence, that the defendant was driving his car at a dangerous and excessive rate of speed, in excess of the lawful rate fixed by the ordinances of the city of Cedar Rapids, and at a rate dangerous to other persons in the lawful use of the streets of said city. This is the sole ground of negligence on which he bottoms his action in his petition as amended.

1. NEGLIGENCE: instructions: specific negligence pleaded is exclusive.

The defendant denies, and counterclaims. In his counterclaim against the plaintiff he alleges several grounds of negligence on the part of the plaintiff. The defendant's evidence, to some extent, tends to support some of the various grounds set out by him in his counterclaim.

Plaintiff requested the court to give to the jury seven instructions, which he submitted in writing, which request was refused. Each and all of the instructions given by the court were duly excepted to.

As heretofore noted, the plaintiff bottoms his action on one ground of negligence only. Defendant complains about the instructions given by the court, in that they nowhere limit the plaintiff's recovery to the ground of negligence on which he bottoms his action. A review of the instructions leads us to the conclusion that the complaint of the defendant in this respect is justifiable. In Instruction II the court defines negligence to be "a failure to do that which a person of ordinary prudence and intelligence would do under the same or similar circumstances, or the doing of that which a person of ordinary prudence and intelligence would not do under the same or similar circumstances."

With this instruction as a basis, the court, in several instructions, in substance told the jury that, if they found the defendant to be guilty of negligence, and the plaintiff free from contributory negligence, then plaintiff was entitled to recover.

Nowhere in the instructions does the court specifically call the attention of the jury to the sole ground of negligence claimed by the plaintiff; but, under the foregoing definition of negligence, they are permitted to find for the plaintiff as against the defendant on any ground of negligence they might discover in the evidence, thus giving to the plaintiff an advantage to which he is not entitled. The law is well settled that, when the plaintiff, in a pleading, chooses the ground upon which he bottoms his action, he must stand or fall on the ground thus chosen by him. The court had no right to permit the jury to consider any other ground of negligence than that set out by the plaintiff in his petition, the plaintiff herein having elected the grounds of negligence on which he bottomed his action. The court should have specifically called the jury's attention to this particular ground claimed by the plaintiff, and should have told them, in so many words, that the plaintiff must recover, if at all, on that ground, and should not have allowed the jury to speculate in the general wide field of negligence. *Manuel v. C., R. I. & P. R. Co.*, 56 Iowa 655; *Munger v. City of Waterloo*, 83 Iowa 559; *Edwards v. City of Cedar Rapids*, 138 Iowa 421; *Lang v. Marshalltown L., P. & R. Co.*, 166 Iowa 548.

Among others, the court gave the following instruction:

"You are instructed that, if you find by a preponderance of the evidence that the defendant was negligent in the operation of his automobile as he approached the intersection of Eighth Avenue and Ninth Street West, and that the driver of the plaintiff's car was also negligent as he approached said intersection, but that the defendant, after the occurrence of the negligence of the driver of the plaintiff's car, could, by the exercise of reasonable care, have avoided the collision, then the defendant is liable to the plaintiff, and your verdict should be for the plaintiff."

2. TRIAL: instructions: submission of non-pleaded issue.

This instruction is attacked on two grounds: First, that it is wholly irrelevant to any of the issues herein; second, that it is a futile attempt to instruct on the doctrine of the last clear

chance, and that, if it is to be so considered as instructing on that doctrine, it is erroneous, first, because the action is not bottomed upon, and plaintiff has not pleaded, the facts giving rise to the doctrine of the last clear chance, and second, because it is an incorrect instruction on such doctrine. Both of these objections are proper. When one bottoms his action and seeks to recover on the doctrine of the last clear chance, he should plead the facts giving rise to such doctrine. The instruction given is an incorrect statement of such doctrine, in that it lacks, among other things, a statement that the defendant must have actual knowledge of the danger of the plaintiff before this doctrine has application. More than this, if the instruction were correct, it would have been improper to give it in the present case, because the record fails to show that the defendant had any knowledge of the plaintiff's danger before the accident occurred.

3. NEGLIGENCE: "last-clear-chance" doctrine: applicability.

As heretofore noted, the plaintiff herein was the owner of the car which, at the time of the accident, was driven by his son. The court, in his instructions, in some places refers to the plaintiff, and in other places to the son, and to the driver of plaintiff's car. While possibly this is not a basis for reversal, at the same time it means a confusion in the instructions which, on the resubmission of the case, should be guarded against, as the jury might conclude from some of the instructions given that the plaintiff herein, J. C. Phelan, could not be guilty of contributory negligence as long as he was not present at the time of the accident. We call attention to this fact in order that it may be guarded against on a retrial of the case.

4. PRINCIPAL AND AGENT: liability: negligence of agent.

Defendant, by way of a motion to direct a verdict at the close of plaintiff's testimony, and later in the case by attack on instructions of the court, insists that, under the evidence in the case, the plaintiff was guilty of contributory negligence as a matter of law, and that the court should have so instructed the jury. At the end of the plaintiff's testimony, the evidence in the case fairly showed that, at the time of and just prior to the accident, the defendant was driving his automobile in a westerly direction at a speed of 45 miles per hour. It was further shown that this

5. NEGLIGENCE: contributory negligence: negligence per se.

was in violation, not only of the state statute, but also of the ordinances of the city of Cedar Rapids. This being the evidence at that time, the court was not warranted in holding the plaintiff guilty of contributory negligence as a matter of law.

We said in *Kern v. Des Moines City R. Co.,* 141 Iowa 620, after a discussion of a somewhat similar set of facts:

"We need not cite cases in support of the principle that, where one places another in a position of peril, he has no right to expect circumspect conduct. In such circumstances it is for a jury to say whether or not the other party acted with that thought and prescience that one placed in a dangerous position was likely to adopt, and whether, under all the circumstances, he was negligent. Indeed, the better rule here is that, if a defendant by his own negligent acts throws one off his guard or puts him in peril, the conduct of the person placed in the perilous position will not be regarded as contributory negligence, under any circumstances."

More than this, contributory negligence is peculiarly a question for the jury. *Lamb v. Wagner Mfg. Co.,* 155 Iowa 400; *Toney v. Interstate Power Co.,* 180 Iowa 1362.

The defendant complains that, in the submission of his case on the counterclaim, the court made the same error in failing to specialize on his various grounds of negligence alleged by him against the plaintiff as it did in the submission of the plaintiff's case. This contention is probably true, as the submission of the counterclaim is governed by the same rules as the submission of the plaintiff's case. Therefore, on a retrial of the case, the court should, in submitting the counterclaim, choose those grounds of negligence alleged by the defendant on which there is some evidence, specify said grounds in his instructions, and instruct the jury that the defendant, if he recovers on his counterclaim, must recover on some one or more of the grounds specified by the court, and on no other.

Some other questions are discussed in the briefs and arguments of counsel; but, in view of what has been heretofore said, they probably will not arise on a retrial of the case, and therefore no further attention is given to them.—*Reversed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.