A. E. ROE, Appellant, v. FRANK KURTZ, Appellee.

**MOTOR VEHICLES:** Negligence—Approaching Intersection—Failure to Look to Left. The mere fact that the operator of an automobile, in approaching, on a rainy day, and at a moderate rate of speed, an intersection which afforded a clear view to all travelers, fails to look to his *left* for approaching vehicles, does not constitute negligence *per se.*

Headnote 1: 29 C. J. p. 653.

Headnote 1: 13 R. C. L. 278.

*Appeal from Washington District Court.*—H. F. WAGNER, Judge.

. OCTOBER 26, 1926.

REHEARING DENIED APRIL 7, 1927.

Action to recover damages resulting from an automobile collision. The court directed the jury to return a verdict for the defendant, and the plaintiff appeals.—*Reversed.*

*W. M. Keeley,* for appellant.

*Livingston & Eicher,* for appellee.

STEVENS, J.—Main Street and Avenue D intersect and cross each other, in the residential section of the city of Washington. About 9 or 9:30 A. M. on a rainy day in December, 1923, a collision occurred on the intersection above referred to, which resulted in serious damage to a Ford truck owned by appellant, and severe injuries to I. E. Mitchell, the driver thereof. This action is to recover damages therefor. A motion for a directed verdict in favor of the defendant upon the ground of contributory negligence on the part of the driver of appellant's truck was sustained by the court, at the close of appellant's case, and we therefore have only appellant's version of what occurred. From the testimony introduced in his behalf, it appears, and the jury might have so found, that the driver of the Ford truck was proceeding eastward south of and near the center of Main Street, which was paved, and that, as he approached the intersection, he looked south and forward, but did not look to the north for a motor vehicle approaching the intersection from that direction; that he was traveling at the rate of about 15 miles per hour; that, just after he entered the intersection, the truck was struck on the left side, immediately in the rear of the front wheel, by a Dodge touring car driven by appellee at about 15 miles per hour; that Mitchell did not see appellee's car until an instant before the collision occurred, which was not in time to do anything to avoid the accident; that possibly appellee's car first entered the

intersection, but the interval that elapsed before appellant's car reached the intersection could not have exceeded the fraction of a second; that the streets are each 30 feet in width between the curbs; and that there was nothing to obstruct the view of the driver of either vehicle. The claimed contributory negligence of the driver of appellant's car is the only question discussed by counsel.

It is conceded that the driver of appellant's car had the right of way, under the provisions of Section 5035, Code of 1924, which is as follows:

"Where two vehicles are approaching on any public street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way provided, however, that such vehicles coming from alleys and private drives, where view is obstructed, shall stop immediately before entering a public street or highway."

Under this statute, it was his duty to look to the right, to determine whether another vehicle was approaching the intersection from that direction, to which he was bound to yield the right of way. The question therefore is: Did his failure to look to the left, under the circumstances of this case, as a matter of law, amount to contributory negligence on his part? Recognizing the danger to life and property incident to the operation of motor vehicles at street intersections, the legislature undertook, by the enactment of the foregoing statute, to minimize, and, so far as possible, to prevent, accidents at such places. The statute does not impose the duty on the driver of a motor vehicle who is approaching a street intersection on the left side to stop and wait for one having the right of way who has not yet reached the intersection, until the vehicle driven by him has passed; but there can be no question but that it is the duty of the driver on the left, who is approaching an intersection simultaneously with the driver of another vehicle on the right, to yield the right of way. In determining whether he was negligent or not, regard will not be had to fractions of seconds. It must have been manifest to appellee, if he saw appellant's truck, that he could not proceed across the intersection without colliding therewith. In such situation it was clearly his duty to yield the right of way. The driver of appellant's car had the right to presume that the

driver of a motor vehicle approaching the intersection from the left would observe the statute and yield the right of way to him. Mitchell did not know of the approach of appellee until the instant immediately preceding the accident. He had no time then to do anything to prevent it. It was, however, his duty to use ordinary care, which must be determined by the facts and circumstances of each case. The statute which gave him the right of way and imposed the duty upon appellee to observe and yield the same to him did not relieve him of the ever present duty to exercise ordinary care. *Carson v. Green Cab. Co.*, 186 Wis. 566 (203 N. W. 394); *Primock v. Goldenberg*, 161 Minn. 160 (200 N. W. 920); *Ray v. Brannan*, 196 Ala. 113 (72 So. 16); *Weber v. Greenebaum*, 270 Pa. St. 382 (113 Atl. 413); *Blackwood v. Monongahela Valley Traction Co.,* 96 W. Va. 1 (122 S. E. 359); *Erwin v. Traud*, 90 N. J. Law 289 (100 Atl. 184); *Commonwealth Ins. Co. v. Riverside-Portland Cement Co.*, 69 Cal. App. 165 (230 Pac. 995); *Jones v. Armstrong*, 231 Mich. 637 (204 N. W. 702). Substantially the same rule was announced in *Carlson v. Meusberger*, 200 Iowa 65.

Main Street was unobstructed, and no vehicle was approaching from the south, and Mitchell, therefore, had a clear right of way, and must have crossed the intersection in safety, but for the injuries inflicted by appellee. There can be no doubt but that the driver of a motor vehicle having the right of way may be guilty of contributory negligence. He can never disregard the duty imposed upon everyone using a dangerous instrumentality to exercise reasonable care for the safety of himself and all others with whom he may come in contact. It is not difficult to conceive of situations in which it would be his duty to even yield the right of way given him by the statute. The purpose of the statute is to prevent, and not to license, negligence, and, so far as possible, to make street intersections zones of safety, and not of danger. Had the driver of appellant's vehicle, sometime before reaching the intersection, observed appellee's approach, he would have had the right to assume that, if they were in a position, considering distance and speed, from which they were likely to arrive at the intersection practically simultaneously, appellee would observe the statute, and yield him the right of way. Any other holding would practically destroy the effect of the statute. We think, under the circumstances of this case, that

it was a question of fact for the jury to say whether Mitchell's failure to look to the north proximately contributed to the accident, and not a matter to be summarily disposed of, as a question of law. The judgment of the court below is reversed.—*Reversed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.