KNIGHT v. MERIGNAC.

1. Automobiles—Negligence—Speed—Right of Way—Intersections.

> Defendant who drove his car at speed of 25 to 30 miles an hour on city street and who failed to give plaintiff right of way because she entered intersection first *held*, clearly guilty of negligence (1 Comp. Laws 1929, § 4712).

2. SAME—SPEED—RIGHT OF WAY—OBSERVATIONS AT INTERSECTION.

> Plaintiff who looked in direction from which defendant's car approached intersection when she was 40 feet therefrom and saw nothing approaching for a distance of 160 feet and continued about 60 feet to near the center of the intersection at speed of 15 miles an hour *held,* guilty of contributory negligence in failing to observe that he was about 40 feet from point of collision as she entered intersection and there was no indication he was slackening his speed of 30 miles an hour (1 Comp. Laws 1929, § 4712).

3. SAME—RIGHT OF WAY NOT ABSOLUTE.

> That driver of automobile on right has right of way at street intersections under 1 Comp. Laws 1929, § 4712, is not an assurance of safety nor an absolute right in all conditions, but both drivers must use due care.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted October 12, 1937. (Docket No. 96, Calendar No. 39,456.) Decided November 10, 1937.

Case by Grace M. Knight against John Merignac for personal injuries sustained in a collision of automobiles at an intersection of streets. Judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Clay Campbell* (*Charles P. Van Note,* of counsel), for plaintiff.

*Cummins & Cummins,* for defendant.

SHARPE, J. The afternoon of April 11, 1936, plaintiff was driving a Ford coupe south on North Pine street in the city of Lansing and at a point where Pine street intersects West Genesee street. At about the same time, defendant was driving his car west on Genesee street and collided with the car driven by plaintiff. Neither street has any preference over the other.

The record shows that plaintiff.was driving about three feet from the west curb of Pine street at a rate of about 15 miles per hour and when about 40 feet from the north curb line of Genesee street she looked to the right and saw no cars approaching; she then looked to the left and, seeing no cars, continued on into the intersection. As she approached near the center line of Genesee street, she saw a car coming from her left and two or three car lengths away. She then attempted to speed up her car, but was unable to avoid a collision. She sustained severe injuries and recovered a judgment in the circuit court of Shiawassee county.

Defendant appeals and contends that the judgment should be reversed as plaintiff was guilty of contributory negligence.

From an examination of the facts contained in the record and the applicable law we are constrained to agree with the defendant. We have in mind that the defendant was clearly guilty of negligence in traveling at a rate of speed estimated to be between 25 and 30 miles per hour and in his failure to give plaintiff the right of way, she having entered the intersection first. But, when we examine plaintiff's testimony, we find that when plaintiff was about 40 feet from the intersection, she looked to the left and saw no cars approaching. A map of the intersection shows that at the point where plaintiff first looked to the left, she had a clear view of Genesee street a distance of 160 feet east of the point of collision. From the time that plaintiff first looked to the left and saw no car, she traveled a distance of approximately 60 feet at the rate of 15 miles per hour, while during this same period defendant traveling at the rate of 30 miles per hour would have been 120 feet east of the point of the collision or 100 feet east of the east

line of Pine street and by carrying these measurements further we find that when plaintiff was entering the intersection of Genesee street, defendant was 40 feet from the point of collision without any indications of slackening his speed.

In *Zuidema* v. *Bekkering,* 256 Mich. 327, we said:

"It will not do to say that plaintiff's husband looked down the Byron Center road to the left before attempting to cross the pavement and did not see the automobile of defendant approaching. He must be held to have seen what he should have seen, which there was nothing to prevent him from seeing, and if, as contended by plaintiff, he stopped his automobile, looked to the left, and did not see what was plainly to be seen, the approach of defendant's automobile, he was guilty of contributory negligence which would bar plaintiff's recovery."

The rule as to one who drives into an intersection without looking and is hit by another car over which he has the right of way was stated in *Kerr* v. *Hayes,* 250 Mich. 19, as follows:

"These cases, however, also point out that the statutory right of way * is not an assurance of safety, nor an absolute right in all conditions, but that both drivers must use due care. A driver cannot continue to assume that the one on the left will accord him right of way when the circumstances would indicate the contrary to a reasonable person."

In the case at bar when plaintiff was entering the intersection, defendant's car was approximately 20 feet east of the intersection traveling at a speed of 30 miles per hour without giving any indications of according the right of way. Plaintiff failed to make suitable observations; she is chargeable with seeing

---

* See 1 Comp. Laws 1929, § 4712.—REPORTER.

what could have been seen. Plaintiff was guilty of contributory negligence and may not recover.

The judgment is reversed, without a new trial. Defendant may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, POTTER, and CHANDLER, JJ., concurred.