GEORGE L. ROGERS, Appellee, v. W. D. JEFFERSON, Appellant.

No. 44009.

NOVEMBER 16, 1937.

REHEARING DENIED MARCH 18, 1938.

McCoy & Beecher, for appellee.

Hal H. Mosier, Hal W. Byers, and McMartin, Herrick & Langdon, for appellant.

HAMILTON, C. J.—The collision took place at about the center of the intersection of two graveled county trunk highways. It was on a clear day, and the roads were dry. There were no physical obstructions to in any way obscure the view of the driver of either car for more than thirty rods back from the intersection. At the point of the accident the highways were practically level. The defendant, accompanied by his wife and one son in the front seat with him, and another son in the back seat, was traveling easterly in his 1931 Chevrolet on the east and west road. Plaintiff, accompanied by his wife, who was in the back seat, and his son who was driving, the plaintiff sitting beside him in the front seat, was traveling northerly in his 1925 Dodge on the north and south road. The traveled part of the highways was approximately 28 feet in width. There was a "stop" sign

north of the intersection and to the west of the highway, facing traffic from the north. There was a "slow" sign west of the intersection and to the south of the highway, facing traffic from the west. There were no signs facing traffic from the south or from the east. The northeast and southeast corners of this intersection had been widened and extended so as to make the corners round, so that traffic from the east on the east and west road would turn north on a rounded corner and south on a rounded corner, while traffic proceeding on west would go straight through the center of the intersection. The northwest and southwest corners of the intersection were square.

We have already dealt with the facts relating to this collision in a case brought by Mrs. Rogers against the same defendant in the case of Rogers v. Jefferson reported in 223 Iowa 718, 272 N. W. 532, 277 N. W. 570. It will therefore not be necessary to go into much detail in describing the scene of the accident or the facts surrounding the same.

■■■ Appellant's chief contention is that plaintiff was guilty of contributory negligence as a matter of law, in that he failed to keep a proper lookout, failed to have his car under control, and failed to reduce the speed of his car to a reasonable and proper rate, and drove voluntarily into a place of danger. In the other case, wherein Mrs. Rogers was plaintiff, the same contention was made, and we held against the appellant in that case. However, it is pointed out by appellant in his argument in the instant case that Mr. Rogers owned the car, and the son was driving it with his consent, and hence the negligence of the son was imputed to the father, and in this the appellant is correct.

■■■ There is little controversy as to the facts, or for that matter, as to the law. But counsel for the respective parties seem to differ widely in the selection of the rules of law applicable to the admitted facts; plaintiff's counsel contending that under the facts in this case the question of contributory negligence was a question for the jury, while counsel for appellant insist that the court should say as a matter of law, under the conceded and proven facts, that the plaintiff's own negligence and that of his son contributed to bringing about the accident and consequent injury, and for this reason is barred from recovery. As we have many times said, the question of contributory negligence, generally speaking, is peculiarly a question for the jury. Lamb v. Wagner Mfg. Co., 155 Iowa 400, 404, 136

N. W. 203; Toney v. Interstate Power Co., 180 Iowa 1362, 1378, 163 N. W. 394; Phelan v. Foutz, 200 Iowa 267, 271, 204 N. W. 240; Murphy v. Iowa Electric Co., 206 Iowa 567, 220 N. W. 360. The rule seems to be that where the conduct of the plaintiff is such that fair-minded and reasonable men might honestly and sincerely arrive at a different conclusion with respect to the matter, then the court should submit the question to the jury, and that it is only when it becomes apparent to the court that the conduct of the plaintiff was such that every fair-minded and reasonable man could come to but one conclusion, that the court is warranted in directing a verdict on the issue of contributory negligence. The rule is well stated by Justice Kindig in the case of Murphy v. Iowa Electric Company, supra, 206 Iowa 567, at page 572, 220 N. W. 360.

We have here the plaintiff and defendant, with nothing to obstruct their views, both familiar with the local surroundings, approaching this intersection at a speed of about 30 or 35 miles per hour. The conceded facts are that plaintiff and his son saw the defendant's car when they were about 30 rods south of the intersection. They then looked toward the east, or their right, and neither of them looked again to the left, and while they had knowledge, and plaintiff's son testified that he was conscious of the presence of the defendant's car on the highway, he never looked, and did not see it again until just immediately prior to the impact of the two cars. He had only time to swerve his car to the right two and a half or three feet. The right front wheel and fender of the defendant's car struck the left front wheel and fender of the plaintiff's car. The impact resulted in the plaintiff's car swerving to the northeast, crossing over the drainage ditch through a barbed wire fence, coming to a stop in the cornfield about sixty or eighty feet from the point of the collision, while the defendant's car was swerved to the left and was facing somewhat northwest about thirty-five feet from the point of collision, still upon the traveled portion of the north and south highway. Neither car changed its speed as it approached and entered this intersection at thirty or thirty-five miles per hour.

The question is, Would the court be warranted in saying as a matter of law, that the plaintiff was guilty of contributory negligence in failing to keep a proper lookout, in failing to reduce his speed to a reasonable and proper rate as he entered this intersection, or in failing to have his car under control so

as to bring it to a stop within the assured clear distance ahead, taking into account the following facts: the moderate rate of speed of the cars; the fact that plaintiff had a right to assume that the defendant would take cognizance of the presence of the "slow" sign and of the statutory rules of the road, granting the right of way to the plaintiff who was approaching him from the right, when their cars approached the intersection simultaneously? We are of the opinion that there is room for fair-minded and reasonable men to honestly differ as to whether or not the conduct of the plaintiff and the driver of his car was in accord with that of an ordinarily cautious and prudent person under the same circumstances.

In the case of Roe v. Kurtz, 203 Iowa 906, 210 N. W. 550, a case involving a collision at an intersection within the corporate limits of the city of Washington, Iowa, this court, under the circumstances in that case, refused to say as a matter of law that it was negligence upon the part of the plaintiff in driving into the intersection, without ever looking to the left, until just before the collision, when it was too late to do anything about it. Appellant attempts to distinguish the instant case from that case by the fact that in the instant case the plaintiff had looked thirty rods back and was conscious of the presence of the other car, and in this respect the facts in these two cases differ. Appellant says that since the plaintiff had knowledge of the presence of the defendant's car, he comes under the rule announced in Parrack v. McGaffey, 217 Iowa 368, 251 N. W. 871, that is, by placing himself voluntarily in a place of danger he can no longer say he was free from negligence. Had the defendant's car been going at an excessive rate of speed at the time plaintiff saw it, or had defendant increased its speed after the plaintiff last saw it, until it was approaching the intersection at an excessive and dangerous rate of speed, thus creating a hazard to the plaintiff in attempting to pass in front of it, we would be confronted with a different situation. But can the court say as a matter of law, taking into consideration the speed at which the defendant was proceeding toward the intersection, that there was at any time a zone of obvious danger confronting the driver of plaintiff's car? The evidence is that he could have stopped his car within twenty-five or thirty feet. Had the plaintiff been looking directly at the defendant, he would not have known until the defendant got within a few feet of the intersection whether or not he was going to slow down in obedience to the

"slow" sign, or was going to stop, if necessary, and yield the right of way to the plaintiff's car. The driver of plaintiff's car had a right to assume that defendant would comply with the law of the road until he knew, or until, in the exercise of ordinary care, he should have known otherwise. The standard or degree of care by which the plaintiff's conduct is to be governed is that of an ordinarily careful or prudent person in the same circumstances. Muirhead v. Challis, 213 Iowa 1108, at page 1115, 240 N. W. 912.

It must, of course, be granted that one may not go upon a busy public highway and shut his eyes to danger and bask in the dim rays of hope given forth by this more or less uncertain luminary of assumption. It must be kept in mind that this safety zone, created by assumption only, ceases to protect one when it becomes apparent, or in the exercise of ordinary care and caution should become apparent, that the law is not going to be obeyed. But we think it must also be granted that one need not be so cautious and timid of soul as to assume that the driver of a car approaching him from his left will disobey the law, or do something to create a zone of danger to the car approaching him from his right, and which has the right of way, as had the plaintiff's car under the undisputed facts in this case. One may not place himself in a position of obvious danger when by the exercise of ordinary care he can avoid it, even though he has the right of way, notwithstanding his right to assume that the other fellow will obey the law. Fortman v. McBride, 220 Iowa 1003, 263 N. W. 345. The jury might find that plaintiff did this very thing; but it was for the jury to determine, and not for the court.

Under the conceded or proven facts in the instant case, at the time the plaintiff and his son saw the defendant's car thirty rods back from the intersection, there is nothing to indicate that defendant was going to attempt to cross the intersection ahead of plaintiff, or to indicate that he could not, or did not intend to, slow down or stop if need be, to enable the plaintiff to cross the intersection ahead of him, and there is no evidence that the defendant ever increased his speed. True, one witness testified that he was in a field near the site of the collision; that he was sure there was going to be a collision for neither car was slowing down as they approached the intersection. He, of course, could not be sure of this until defendant passed the point where it would be impossible for him to stop his car, which, under his

own testimony, would be twenty-five or thirty feet. Immediately after the accident, defendant freely confessed that he ran into the plaintiff's car, and that he was entirely to blame. This was testified to by two or three witnesses and was not denied by the defendant. His saying so, of course, in no way changes the law. The physical facts, we think, plainly indicate that it was the defendant's car that struck plaintiff's car, and that each car had been slightly swerved from the other, so that the blow was somewhat glancing, causing the cars to be slapped together, indicating that plaintiff's car possibly entered the intersection slightly ahead of defendant's.

■■ Appellant contends that plaintiff was guilty of negligence per se in that he violated section 5031 of the Code, which says that a person operating a motor vehicle shall have the same under control, and shall reduce the speed to a reasonable and proper rate when approaching and traversing intersections of public highways, for the reason that plaintiff admits that he did not reduce the speed of his car. The statute does not fix the rate of speed, except to say a "reasonable and proper rate [of speed]". If he is already driving at a reasonable and proper rate of speed, he need not reduce it still more. Surely, this is a question for the jury, when the speed is thirty or thirty-five miles an hour, under the circumstances disclosed by the evidence in this case. Neither can the court say as a matter of law that the speed of the plaintiff's car was such as to violate the clear distance ahead statute.

We think this case presents a very strikingly suitable and apt situation calling for the application of the wisely established rule that, ordinarily and generally, the absence or presence of contributory negligence is peculiarly a question for the jury, and the court was therefore right in submitting this matter to the jury for their consideration and determination. The question is not what the writer of this opinion might conclude, or what the trial court might conclude with reference to the plaintiff's conduct. We might each and both say that he was guilty of contributory negligence in not keeping a lookout both ways before crossing this intersection. But it does not necessarily follow that all other fair-minded men would necessarily so say.

■■■ Another matter cited as error, and very earnestly argued, is the giving of the following portion of instruction No. 13:

"You are instructed that it is not necessary that the plaintiff establish by a preponderance of the credible evidence that the negligence of the defendant, if any existed, was the sole and only proximate cause of the accident and his injuries, but it is incumbent that he so prove that such negligence of the defendant, if any, was a proximate cause of the accident and his injuries as the same is above defined."

The term "proximate cause" was defined by the court as "a cause which in its natural and continuous sequence, unbroken by any new cause, produces the result under consideration and without which such result would not have occurred." Appellant contends that where the evidence establishes that proximate cause of plaintiff's damages must have been the negligent acts of either the defendant or the plaintiff, or both of them, it is error to instruct that, in order to recover, plaintiff must show only that defendant's negligence was a proximate cause. He cites and relies upon two Missouri cases, Moon v. St. Louis Transit Company, 247 Mo. 227, 152 S. W. 303; Krehmeyer v. St. Louis Transit Company, 220 Mo. 639, 120 S. W. 78. An examination of these cases will disclose that the instruction complained of was not identical, and, furthermore, that the rule was adopted by a divided court under very strenuous opposition on the part of three of the dissenting judges of that court. As we view the matter, it is not necessary for us to get into the same controversy that exists in the Missouri court in reference to this matter. The appellant argues that under the fact situation in this case, the defendant could not properly be held liable unless his negligence was the sole and only proximate cause. He says this is true because the accident in question resulted from the negligence of either the plaintiff's son, which was chargeable to the plaintiff, or from the negligence of the defendant, or from the concurring negligence of the plaintiff's son and defendant, and that if defendant's negligence was simply a proximate cause, it follows that the negligence of the plaintiff's son, which was chargeable to the plaintiff, must have been a proximate cause, in which case the plaintiff should have been barred from recovery because of contributory negligence, and therefore the instruction given by the court would permit the jury to find the defendant liable, even though it found that his negligence was only a proximate cause of the accident.

From an examination of the evidence we see no occasion for

the court limiting the defendant's negligence to simply a proximate cause. Just what the able trial court had in mind is not discernible from an examination of the record, but we think the matter is fully met when we say that any error is without prejudice. The only possible merit there can be in the contention of the appellant must be on the basis that it permits the plaintiff to recover even though the negligence of his son concurred with that of the defendant in bringing about or causing the accident and consequent injuries. We are unable to see how the jury could have been misled or confused in any way when the entire instructions are considered and the court told the jury in one of his instructions that they must read and consider the instructions as a whole. When this is done, it appears that the court in plain, simple English, repeatedly told the jury that the plaintiff could not recover, unless the plaintiff established by a preponderance of the credible evidence that neither the negligence of himself nor that of his son caused or contributed to cause the accident. In instruction 1 the court told the jury that before the plaintiff could recover, he must prove among other things the following: ''That there was no negligence on the part of either the plaintiff or the plaintiff's son that caused or contributed to cause the accident.'' And again in instruction 5, the court told the jury:

''That before the plaintiff is entitled to any recovery in this case, it is incumbent upon him to prove by a preponderance of the credible evidence in this case that a want of reasonable and ordinary care on his own part did not cause or contribute to cause the accident, and also that a want of reasonable and ordinary care on the part of his son * * * did not cause or contribute to cause the accident, and unless the plaintiff has so proved, he cannot recover.''

And again the court said:

''From this you will understand that if the accident in question and the plaintiff's injuries and damage are in any way attributable to his own negligence or the negligence, if any, of his said son who was driving his car, that is to say, a failure of the plaintiff or his said son to use reasonable and ordinary care, then the plaintiff cannot recover herein, even though it should appear that the defendant was also negligent.''

This same thought is repeated in instructions Nos. 7, 8, 10,

and 12, and in instruction No. 6 the court specifically limited the jury to the three grounds of negligence submitted to them for their consideration, and specifically said to the jury:

"You are further instructed that it is immaterial in this case whether the defendant was negligent in any other respects than the foregoing alleged negligent acts, and that the defendant would not in this case be liable to the plaintiff for any other negligence, if such existed, because the only charges of negligence on the part of the defendant submitted to you for determination are the charges above set forth."

Hence we say that it is inconceivable that the jury would understand that they could bring in a verdict for the plaintiff, even though the negligence of his son was a concurring cause of the accident and plaintiff's injuries. Neither do we see how it would be humanly possible for the jury to be confused in reference to this matter.

■■■ Appellant also contends that the general statute, section 5035, with reference to preference at intersecting points, has no application to county trunk roads, and that the court erred in applying in his instructions the rule of law contained in said section, and that county trunk roads are governed by section 5079-d1 and section 5079-d2, which provide that the county board of supervisors shall determine by the erection of signs which traffic shall have the right of way, and that there was no proof that any signs were ever erected by the county board of supervisors. What we said in the prior case of Rogers v. Jefferson, referred to in the beginning of this opinion, with reference to this matter is equally applicable here. There were no signs facing the traffic from the south, nor any from the east. In the absence of any sign, the roads being of equal classification, the general statute would still apply. Lang v. Kollasch, 218 Iowa 391, 395, 255 N. W. 493. The plaintiff surely had a right to assume, until he knew otherwise, that the "slow" sign that was erected to slow down the traffic from the west was erected by proper authority, and, if this "slow" sign meant anything, it would indicate both to the plaintiff and the defendant that when cars approached this intersection, as defendant's and plaintiff's cars were approaching it, the traffic on the road from the south where there was no sign to slow down the traffic, and which approached the defendant from the right, would have right of way over the traffic from the west which was faced

with this "slow" sign. Therefore, the indication of preference by the "slow" sign in this instance would not change the rule as to right of way contained in Section 5035. Of course, where the signs erected by the county board of supervisors conflict with the general statute, those erected by the county board of supervisors on county trunk roads would govern. Dikel v. Mathers, 213 Iowa 76, 238 N. W. 615. The rule contended for by appellant, in the event the supervisors failed to do their duty, would leave county trunk roads with no rule at all as to preference.

█▌█ There is no merit in appellant's assignment with reference to the testimony admitted over the objections of the defendant. While the answer was in the nature of a conclusion, the question called for the state of mind of the witness. It was therefore properly received.

Finding no prejudicial error in the record, the case must be and is affirmed.—Affirmed.

PARSONS, ANDERSON, MITCHELL, KINTZINGER, DONEGAN, RICHARDS, and SAGER, JJ., concur.

STIGER, J., dissents.