GEORGE ROGERS, a minor, by his next friend, GEORGE L. ROGERS, Appellee, v. W. D. JEFFERSON, Appellant.

No. 44508.

MAY 2, 1939.

REHEARING DENIED SEPTEMBER 29, 1939.

Hal H. Mosier, Hal W. Byers, and McMartin, Herrick, Sloan & Langdon, for appellant.

McCoy & Beecher, for appellee.

HALE, J.—This is an action which grew out of a collision between two automobiles on August 25, 1935, at the intersection of north-and-south and east-and-west graveled county trunk roads. Two other cases have been passed upon by this court,— one, Pearl Rogers v. W. D. Jefferson, 223 Iowa 718, 277 N. W. 570, an action brought by the mother of the plaintiff; and the other, George L. Rogers v. W. D. Jefferson, 224 Iowa 324, 275 N. W. 874, wherein the circumstances attending the collision are set out at length. The facts as given in these two cases are substantially as those in the present case, which in substance are as follows:

The plaintiff, who was traveling north on county trunk highway E, was driving the car, and was accompanied by his father, who was sitting beside him in the front seat, and by his mother, who was sitting in the rear seat. County trunk highway H, running east and west, intersects highway E. The defendant was traveling east toward the intersection, at the southwest corner of which was a pasture, with nothing to obstruct the view of either driver. Fifty or sixty feet west of the intersection on highway H was a SLOW sign, and both drivers had known for considerable time that such sign was there. North of the intersection on highway E was a STOP sign, but there was no sign on the highways south or east of the intersection. Both cars were traveling at about the same rate, thirty to thirty-five miles per hour. Plaintiff saw the defendant's car when he was thirty or thirty-five rods south of the corner, and defendant saw the plaintiff's car when such defendant was about a quarter of a mile west of the intersection, and he testified that he did not see plaintiff's car again until a split second before the collision. Plaintiff, after seeing the defendant's car, did not look west again until he was ten or fifteen feet south of the point of collision. Neither car changed its speed from the time each driver

saw the other car. No cars were approaching the intersection from the north or east. It appears from the evidence that the right front wheel and fender of defendant's car struck the left front wheel and fender of plaintiff's car. Plaintiff sustained bodily injuries. Trial was had, and verdict for the plaintiff. Defendant's motion for a new trial and exceptions to instructions were overruled by the court, and from this ruling defendant appeals.

I. Defendant's first assignment of error is the giving of instruction No. 8, which has reference to the duties of drivers of motor vehicles approaching an intersection, and particularly to that part of the instruction as follows:

"If a traveler comes to an intersection and finds no one approaching from the right upon the other highway within such distance and approaching at such a rate of speed as to reasonably indicate danger of a collision, he may proceed as a matter of right to use the intersection, unless from his observation he is apprised to the contrary."

The words quoted constitute the fifth sentence only. In the previous part of the instruction the jury were told the rights of the various parties and were further told that the right of precedence given by law to the vehicle on the right does not mean that the mere fact of two cars approaching the intersection gives rise to right of preference to either of the same, and that the only right of preference is where travelers or vehicles on intersecting highways approach the intersection so nearly at the same time and at such rates of speed that if both proceed without regard to the other a collision or interference between them is reasonably to be apprehended. They were further told that a party approaching an intersection is required to exercise reasonable care to look out to discover if another car is approaching the intersection on another highway, and if he finds another approaching from his right on an intersecting highway at so nearly the same time and at such a rate of speed that if both proceed without regard for the other a collision is reasonably to be apprehended, then it is the duty of such party approaching from the left to yield the right of way to the other and not to enter upon and attempt to traverse the intersection unless he believes and has a right to believe that he can pass in front of the car approaching from his right with safety to the drivers of both cars. This is followed by the sentence objected to, but

the next sentence informs the jury that the mere fact of having the right of preference under the law does not justify the possessor in plunging ahead regardless of consequences, or his failure to exercise reasonable and ordinary care for his own safety or that of others.

This is the substance of the instruction, which, in view of the whole instruction and other instructions given, we cannot interpret as does the defendant. The same instruction, with the same wording, was given in the George L. Rogers case above referred to (224 Iowa 324, 275 N. W. 874), but the sentences were in a somewhat different order. In that case we held that the question of contributory negligence was for the jury, but the defendant in that case did not assign as error the claimed error in the present case. In that case, under practically the same testimony as to the facts as in the present case, the verdict of the jury was sustained.

We think that the whole instruction fairly presents the duty of the driver. Applying the rule that the instructions must be taken together, and especially must all parts of one instruction be considered as a whole, we do not feel that the defendant was prejudiced thereby.

■ II. Our recent holding in the case of Hawkins v. Burton et al. (1938), 225 Iowa 707, 281 N. W. 342, is opposed to the contention of the defendant that the court was in error in submitting to the jury the question of lack of control and failure to reduce speed at the intersection. Section 5031 of the Code requires any person operating a motor vehicle to have the same under control and reduce the speed to a reasonable and proper rate when appoaching and traversing a crossing or intersection of public highways. The jury must in most cases determine from the circumstances whether there has been a compliance with this statute, and such is the holding in the case above cited, and in Luther v. Jones, 220 Iowa 95, 261 N. W. 817. And, see, Hawkins v. Burton, supra; Minks v. Stenberg, 217 Iowa 119, 250 N. W. 883; Altfilisch v. Wessel, 208 Iowa 361, 225 N. W. 862. The jury were properly instructed as to the statute and the meaning thereof, and we hold that under the facts and circumstances of the case the submission of such issues was not erroneous.

■ III. Complaint is also made of the action of the court in permitting recovery for future pain and suffering, the de-

fendant alleging that the court was in error in giving an instruction authorizing such recovery under the evidence admitted on the trial. The expert who had examined the plaintiff testified that the injury to plaintiff's head might have been the cause of the headaches which evidence showed the plaintiff was suffering; that it might be a permanent injury and continue for an indefinite period. He did not testify as in the case of Shuck v. Keefe, 205 Iowa 365, 218 N.W. 31, that he could not tell whether the injuries were permanent or not. The plaintiff testified in substance that, following the collision, he had had headaches at intervals as often as three times a week, with a great deal of suffering, and that he still had them at the time of the trial; that he was compelled to stop and rest when the attacks came on; that at the time of the trial the headaches came every two days, or whenever he exerted himself.

The matter was submitted to the jury under an appropriate instruction and was a question for their consideration. Sachra v. Town of Manilla, 120 Iowa 562, 567, 95 N.W. 198; Martin v. Des Moines Edison Light Co., 131 Iowa 724, 106 N.W. 359; Justis v. Union Mutual Casualty Co., 215 Iowa 109, 244 N.W. 696; Smithson v. Mommsen, 224 Iowa 307, 276 N.W. 47. We think the court was not in error in giving this instruction, which limited recovery in this respect to future pain and suffering on account of headaches.

■ IV. The jury returned a verdict in favor of plaintiff in the sum of $3,750, which amount defendant claims is in excess of the amount of damage shown by the evidence and so excessive as to be the result of passion and prejudice on the part of the jury. The amount of damage is generally a matter within the province and discretion of the jury, and an appellate court hesitates to interfere with the amount unless it is so grossly excessive as to indicate passion and prejudice or some other reason therefore appears. Ordinarily the action of the trial court in granting or refusing to grant a new trial on the ground of excessiveness of a verdict will not be disturbed on appeal unless an abuse of discretion is shown. See, among other cases cited by the parties hereto, Crawford v. Emerson Constr. Co., 222 Iowa 378, 269 N.W. 334; Engle v. Nelson, 220 Iowa 771, 263 N.W. 505; Ideal Separator Works v. Des Moines, 167 Iowa 517, 149 N.W. 640; Poli v. Numa Block Coal Co., 149 Iowa 104, 127 N.W. 1105, 33 L.R.A. (N.S.) 646. The cases referred to

by defendant as supporting his view that the verdict was excessive all involve a different kind of injury than that sustained by plaintiff in this case. In the present case, the plaintiff had a fracture of the skull, broken left shoulder, four broken ribs, eye and ear injuries, and was rendered unconscious for five days, and up to the time of the trial was subject to severe headaches. We cannot say, under the evidence, that the verdict was excessive.

■ V. Other questions are raised, including the failure of the court to direct a verdict on the ground that contributory negligence was shown as a matter of law. We do not consider it necessary to discuss them as the same objections were raised at the previous trials, on substantially the same facts, and decided adversely to the contention of the defendant. See the Rogers case, supra, 224 Iowa 324, 275 N. W. 874, and Roe v. Kurtz, 203 Iowa 906, 210 N. W. 550.

Finding no error we hold that the verdict and judgment of the trial court should be, and it is, affirmed.—Affirmed.

RICHARDS, HAMILTON, and SAGER, JJ., concur.

OLIVER, J., and MITCHELL, C. J., specially concur.

STIGER, BLISS, and MILLER, JJ., dissent.

OLIVER, J. (specially concurring)—Although I do not think we should slavishly follow precedents which to us may not appear sound, I believe we should be very hesitant in reversing a former holding of this court based upon the same record. In George L. Rogers v. Jefferson, 224 Iowa 324, 275 N. W. 874, this court held that the question of contributory negligence, here involved, was for the jury. Although not strictly stare decisis in this case, I am inclined to follow that holding without expressing an opinion as to its correctness.

MITCHELL, C. J., concurs in this special concurrence.

STIGER, J. (dissenting)—I dissent from division V of the majority opinion which follows our holding in the recent case of Rogers v. Jefferson, 224 Iowa 324, 275 N. W. 874, that the failure of plaintiff to look to the left did not constitute contributory negligence as a matter of law. The case of Rogers v. Jefferson, supra, adheres to the rule announced in Roe v. Kurtz,

203 Iowa 906, 210 N. W. 550, that failure to look to the left on approaching an intersection does not constitute contributory negligence. In my opinion, the Roe case is contrary to the weight of authority and should be overruled.

Plaintiff was approaching the intersection from the south and saw defendant when he was about 500 feet west of the intersection. At this time plaintiff and defendant were about the same distance from the intersection and were traveling at approximately the same rate of speed. Plaintiff then looked to the east and did not look to the left again until defendant's car was from 10 to 15 feet from the point of collision which occurred in the center of the intersection.

When plaintiff looked east he saw no car approaching, and, in fact, there was no car approaching from that direction.

There was a SLOW sign about 60 feet west of the intersection. It was plaintiff's duty, in approaching and traversing the intersection, to keep a proper lookout for others who might be using the highway and to maintain such lookout as a reasonably careful and prudent person would maintain under similar circumstances. Though plaintiff had the right of way and there was a SLOW sign 60 feet west of the intersection, he was obliged to use reasonable care for his own safety and the safety of others as he approached the intersection. Reasonable care for his own safety and the safety of others required him to look at a point when looking would be effective. Manifestly, plaintiff, by failure to look to the left during his journey of 500 feet to the intersection, did not maintain the proper lookout that a reasonably prudent person would have maintained under the circumstances. He knew defendant was approaching from the west; he knew no car was approaching from the east, and, with this knowledge, he drove into the danger zone without exercising any care for his protection from the car approaching from the left. Looking to the left, and seeing defendant when he was 500 feet from the danger zone, was not a performance of his duty to keep a lookout for the purpose of avoiding a collision.

The fact that plaintiff knew defendant was approaching should have moved him to vigilance and not to abandon vigilance. Plaintiff had the right to assume that defendant would observe the SLOW sign until he knew, or should have known, to the contrary. This right did not relieve him from the duty

of exercising due care to avoid a collision. If plaintiff had exercised due care he would have known that defendant was not giving any indication of obeying the sign and would have been advised to the contrary. Plaintiff completely surrendered his safety to the care of defendant and exercised no care for his own safety by keeping a proper lookout at a time when such a lookout would have been effective. It is not sufficient to look; after looking, a traveler must take such action as a reasonably prudent person would take under the circumstances. Plaintiff took no action whatever.

In the case of Rogers v. Jefferson, 224 Iowa 324, 329, 275 N. W. 874, 878, the court, in referring to the right of plaintiff to assume that defendant would comply with the slow sign, states:

"It must, of course, be granted that one may not go upon a busy public highway and shut his eyes to danger and bask in the dim rays of hope given forth by this more or less uncertain luminary of assumption. * * * One may not place himself in a position of obvious danger when by the exercise of ordinary care he can avoid it, even though he has the right of way, notwithstanding his right to assume that the other fellow will obey the law."

In my opinion, plaintiff did shut his eyes to danger and placed himself in a position of obvious danger in approaching this danger zone through his failure to exercise reasonable care and keep a reasonable lookout for defendant's car when it was approaching the danger zone.

In the case of Kerr v. Hayes, 250 Mich. 19, 229 N. W. 430, 431, the court, after referring to the right of way of a driver over an intersection who reaches the intersection in advance of another, states:

"These cases, however, also point out that the statutory right of way is not an assurance of safety, nor an absolute right in all conditions, but that both drivers must use due care. A driver cannot continue to assume that the one on the left will accord him right of way when the circumstances would indicate the contrary to a reasonable person.

"The rules announced in these cases presuppose that a driver has made suitable observation of approaching cars, and,

from the conditions as they appeared to him, has formed a reasonable belief that he could cross in safety. As plaintiff did not look to the left, he could not have formed any belief from the conditions. He is chargeable with having seen what he should have seen, that defendant's car was about twice the distance from the crossing as his own, approaching at about twice his own speed, without, at any time, giving any indication of according plaintiff the right of way, and that a collision was inevitable unless he took measures to avoid it.''

In the case of Rock v. Sarazen, 209 Wis. 126, 244 N. W. 577, 578, the court states:

''We are also of opinion that the plaintiff's want of care in this respect proximately contributed to produce the collision. It is manifest that, had the plaintiff made an efficient observation, he would have noticed the proximity of the truck and observed that at the rate it was approaching it would apparently collide with him if he proceeded, unless he took precautions to avoid a collision. Although he had the right of way over the truck, he would have observed that the driver of the truck was not intending to yield it, and would have refrained from attempting to cross ahead of the truck. It cannot be too forcibly brought to the attention of drivers of automobiles that vigilance at road and street intersections is absolutely essential to safety.''

In the case of Jamieson v. Gerth, 61 S. D. 514, 249 N. W. 921, 922, plaintiff had the right of way. The court states:

''For the plaintiff to see this car approaching, then look to the north and see no car coming, then to proceed without again glancing to the south to observe this car which he had already noticed, does not, in our opinion, conform to that degree of care which is necessary for any reasonable man to observe when he is driving a motor vehicle and entering an intersection.''

In the case of Block v. Peterson, 284 Mich. 88, 278 N. W. 774, 777, the court states:

''One is not free from contributory negligence who observes an automobile coming on the intersecting street and then proceeds to cross without giving further heed to the oncoming vehicle until the instant before or at the time of collision.''

In the case of Correia v. Cambra, 51 R. I. 472, 155 A. 667, the plaintiff had the right of way. The court states, 155 A. on page 668:

"The instant case presents an even stronger case of contributory negligence in that the plaintiff actually saw the defendant's car approaching the intersection. Nevertheless, in the words of the trial justice: 'He calmly goes ahead knowing this car is coming from his left without paying the slightest attention to it. He didn't look before he crossed the danger point of the intersection.'"

For other cases holding that the failure of a person having the right of way over an intersection to keep a proper and effective lookout for oncoming vehicles when approaching an intersection is guilty of negligence, see Kok v. Lattin (1933), 261 Mich. 362, 246 N. W. 149; New York Tel. Co. v. Beckers (1929), 2 Cir., 30 F. 2d 578; Nicholson v. Garland (1931), 156 Va. 745, 158 S. E. 901; Thomas v. Roberts (1932), La. App., 144 So. 70; Geeck v. Luckenbill, 215 Mich. 288, 183 N. W. 729; Knight v. Merignac, 281 Mich. 684, 275 N. W. 732; Nelson v. Plautz, 130 Neb. 641, 265 N. W. 885.

In my opinion, the plaintiff was contributorily negligent as a matter of law, which negligence contributed to his injuries and I would reverse.

BLISS and MILLER, JJ., concur in this dissent.