STATE OF IOWA, Appellee, v. RAY CLARK, Appellant.

No. 44887.

FEBRUARY 6, 1940.

Fred D. Everett, Attorney General, John E. Miller, County Attorney, and Jens Grothe, Assistant Attorney General, for appellee.

Alfred M. Pabst, for appellant.

PER CURIAM.—This case involves a question of procedure in criminal cases in this court. A similar question has been discussed by us and determined in the case of State v. Dunley, 227 Iowa 1085, 290 N. W. 41. As the facts in this case present a little different question, we will briefly review them.

On February 21, 1935, defendant was indicted for the crime of burglary with aggravation, as defined by sections 12994 and 12995 of the statutes of Iowa (Code, 1931), the crime having been committed about November 10, 1934. Defendant's trial resulted, on March 14, 1939, in a verdict of guilty of the crime of burglary. On May 24, 1939, motion for new trial and exceptions to the instructions were argued, submitted, overruled, and defendant sentenced to the state penitentiary at Fort Madison, for an indeterminate sentence, not to exceed twenty years.

On April 17th, notice of appeal was served upon the county attorney and filed with the clerk of the district court. On April 26th, the clerk's transcript was filed in this court pursuant to section 13998 of the Code, 1935, and, in accordance with section 14004 of the Code, 1935, the cause was docketed for submission at the May term with other causes from the second judicial district. No notice upon the attorney general

of an election to submit the case on printed abstract, brief and argument was filed with the clerk of this court, as required by Rule 32, and, accordingly, on May 2d, the cause was duly submitted on the clerk's transcript. On May 9th, the court; having examined the record, and having found no error warranting a reversal, filed an opinion affirming the judgment. State v. Clark (Iowa) 285 N. W. 701.

On May 15th, appellant filed a petition to set aside the submission, to reinstate the cause and for extension of time to file abstract. The grounds for the motion were, among others, that the attorney for appellant had had various negotiations with the county attorney and with the attorney general in reference to securing a transcript of the record at the expense of the county. Appellant contended that, by virtue of the arrangement made with the attorney general and the county attorney regarding the securing of a transcript, the attorney general had waived the requirement of a formal notice pursuant to Rule 32. Appellant's application was not contested by the attorney general and was sustained. The submission was set aside, the cause reinstated, and continued to the September term. Thereafter, a supplemental order was entered extending the time within which appellant should be required to file his abstract to November 25th, and continuing the cause to the January, 1940, term.

The cause was docketed for submission with the other causes from the second judicial district at this term. No abstract was filed by November 25th, and, when the cause was submitted in this court on January 9, 1940, there was no argument on file. In the meantime, on December 13, 1939, the attorney general filed a motion to dismiss, which motion was ordered submitted with the case.

In our recent holding in the case of State v. Dunley, supra, we have determined that there is no merit in the motion of the attorney general to dismiss the appeal. However, pursuant to such decision, it is our holding that, when appellant failed to file an abstract by November 25th, he lost the right to file one and, when he failed to file an argument 30 days before January 9, 1940, he lost the right to file one. The only duty remaining upon this court was that of examining the record, the clerk's transcript filed herein April 26, 1939, pur-

suant to the provisions of section 14010 of the Code, 1935.

We have re-examined the record, and are still of the opinion heretofore stated by us, on May 9, 1939, that there is no error justifying a reversal. Accordingly, the judgment is affirmed. —Affirmed.